## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RANDY BELLMAN, JR.; JACQUELINE BELLMAN;
RANDY BELLMAN; BRETT BOOTH;
BRITTANY BOOTH; VICKI GOSS; and
ANTHONY BOOTH;

        Plaintiffs,

vs.                                                         No.16-cv-00113

NXP SEMICONDUCTORS USA, INC.;
PHILIPS ELECTRONICS NORTH AMERICA CORPORATION;
PHILIPS SEMICONDUCTORS, INC.; and
RINCHEM COMPANY, INC.,

        Defendants.

### NOTICE OF REMOVAL

NXP Semiconductors USA, Inc., Philips Electronics North America Corporation, and Philips Semiconductors, Inc. (collectively, "Signetics Defendants") by and through undersigned counsel, hereby provide notice under 28 U.S.C. § 1446 of the removal of the above-captioned case from the State of New Mexico, County of Santa Fe, First Judicial District to the United States District Court for the District of New Mexico. The grounds for removal are as follows:

1.   Plaintiffs commenced this action by filing their Complaint for Personal Injuries ("Complaint") on or about January 8, 2016 in the First Judicial District Court of the State of New Mexico, County of Santa Fe, and the case was docketed as No. D-101-CV-2016-00045.

2.   Plaintiffs served copies of the Complaint and summons on the Signetics Defendants by Federal Express on January 14, 2016. Defendant Philips Semiconductors, Inc. was also served by Federal Express at a separate location on January 27, 2016.

3. Rinchem Company, Inc. ("Rinchem") is also named as a defendant and, upon information and belief, was served with process on or about January 14, 2016. As more fully set forth below, Rinchem was fraudulently joined and its consent to removal is not required. *See, e.g., Dutcher v. Matheson,* 733 F.2d 980, 987-88 (10th Cir. 2013); *United Computer Sys., Inc. v. AT&T Corp.* 298 F.3d 756, 762 (9th Cir. 2002); *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993); *McDaniel v. Loya,* 304 F.R.D. 617 (D.N.M. 2015) ("A defendant may remove a case to federal court based upon diversity jurisdiction in the absence of complete diversity if a plaintiff joins a non-diverse party fraudulently to defeat federal jurisdiction.").

4. In accordance with 28 U.S.C. § 1446(a), the Signetics Defendants have attached true and correct copies of all process, pleadings, and orders served upon them in this action as Exhibit A.

5. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of service of the Complaint and summons upon the Signetics Defendants. Since the Signetics Defendants are filing this Notice of Removal on February 16, 2016, removal is timely.[1]

6. The time for the Signetics Defendants to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

7. Concurrent with the filing of this Notice, the Signetics Defendants are serving this Notice on Plaintiffs' counsel and filing a copy of the Notice with the Clerk of the First Judicial District Court of the State of New Mexico, County of Santa Fe. Venue is proper in this Court pursuant to 28 U.S.C. §§ 111 and 1441(a), because the United States District Court for the District of New Mexico is the federal judicial district embracing the First Judicial District Court of the State of New Mexico, County of Santa Fe, where this action was originally filed.

---

[1] The Court was closed on Monday, February 15, 2016 due to Presidents' Day.

8.  By filing a Notice of Removal in this matter, the Signetics Defendants do not waive their right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and the Signetics Defendants specifically reserve their right to assert any defenses and/or objections to which they may be entitled.

9.  As shown below, this case is removable to federal court based on diversity jurisdiction under 28 U.S.C. § 1332.

**DIVERSITY OF CITIZENSHIP EXISTS
BETWEEN THE PROPERLY JOINED PARTIES**

10.  This Court has original jurisdiction over this action under 28 U.S.C. § 1332. Diversity jurisdiction exists where: (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Lovell v. State Farm Mutual Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006).

11.  Complete diversity exists between the properly joined parties to this action. As alleged in the Complaint, Plaintiffs Randy Bellman Jr., Jacqueline Bellman, Randy Bellman, Brett Booth, Brittany Booth, and Anthony Booth are residents of Sandoval County, New Mexico, and Plaintiff Vicky Goss is a resident of Bernalillo County, New Mexico. Complaint ¶¶ 1-7. On information and belief, Plaintiffs are citizens of New Mexico.

12.  Defendant NXP Semiconductors USA, Inc. is a foreign corporation organized and existing under the laws of Delaware with a principle place of business located in the State of California. Complaint ¶ 8.

13.  Defendant Philips Electronics North America Corporation is a foreign corporation organized and existing under the laws of Delaware with a principle place of business located in the Commonwealth of Massachusetts. Complaint ¶ 9.

14. Defendant Philips Semiconductors, Inc. is a foreign corporation organized and existing under the laws of Delaware with a principle place of business located in the State of California. Complaint ¶ 10.

15. The Complaint alleges that Defendant Rinchem is a domestic corporation with a principle place of business in Albuquerque, New Mexico. Complaint ¶ 11. As discussed below, however, because Rinchem has been fraudulently joined, its citizenship must be disregarded for the purpose of diversity analysis.

16. Because Plaintiffs are citizens of New Mexico and the properly joined Defendants are not citizens of New Mexico, complete diversity exists between the relevant parties to this case.

## RINCHEM HAS BEEN FRAUDULENTLY JOINED

17. A defendant's right of removal cannot be defeated by the fraudulent joinder of a resident defendant having no real connection with the controversy. *See Loya*, 304 F.R.D. at 629-30. A finding of actual fraud is not required to sustain a claim of fraudulent joinder. *See id*. Rather, a defendant is fraudulently joined if the plaintiff is unable to establish a cause of action against the non-diverse party in state court. *Dutcher*, 733 F.2d at 988. The potential for legal liability "must be reasonable, not merely theoretical." *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.* 313 F.3d 305, 312 (5th Cir. 2002)[2]. A "mere theoretical possibility of recovery under local law" is insufficient to preclude removal. *Badon v. RJR Nabisco Inc.*, 236 F.2d 282, 286 n. 4 (5th Cir. 2000). Here, diversity jurisdiction exists because New Mexico law precludes Plaintiffs' putative claims against Rinchem.

---

[2] The Tenth Circuit cites favorably to Fifth Circuit decisions regarding fraudulent joinder. *See, e.g., Loya*, 304 F.R.D. at 628-629.

18. The third count of Plaintiffs' Complaint asserts negligence claims against Rinchem, and count four alleges breach of warranty claims. Complaint ¶¶ 94-103. New Mexico law precludes Plaintiffs from recovering against Rinchem under either theory.

**A.    Plaintiffs' breach of warranty claims are time-barred.**

19. Plaintiffs Randy Bellman Jr., Brett Booth, and Brittany Booth allege that they were born with birth defects as a result of *in utero* exposure to unspecified chemicals[3] while their mothers, Jacqueline Bellman (mother of Randy Bellman Jr.) and Vicki Goss (mother of Brett and Brittany Booth), were employed at the Signetics semiconductor manufacturing facility in Albuquerque. Complaint ¶¶ 14-31, 69-70. According to the Complaint, Jacqueline Bellman worked at the Signetics facility from approximately April of 1987 to 2000, and Vicki Goss was employed there from approximately July of 1983 until 1989. Complaint ¶ 19. Plaintiff Randy Bellman, Jr. was born in 1991, and Plaintiffs Brett and Brittany Booth were born in 1988. Complaint ¶¶ 14-16.

20. Count four of the Complaint attempts to allege in conclusory terms that Rinchem expressly and impliedly warranted that the chemicals it manufactured, sold, supplied or distributed were of merchantable quality, fit and safe for the purposes for which they were manufactured, blended, sold, supplied, or distributed. Complaint ¶ 101. The Complaint further claims that Rinchem breached these warranties by failing to provide "adequate warnings and instructions concerning their harmful nature and serious health hazards, including birth defects, and they were

---

[3] Although Plaintiffs include laundry lists of generic types or categories of chemicals or substances, they provide no brand names or even specific products, and their allegations are not sufficient to identify any particular products in the broad categories alleged. These allegations are insufficient to support any plausible claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-680, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555-557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), *Khalik v. United Air Lines*, 671 F.3d 1188, 1190-1191 (10th Cir. 2012); *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214-1215 (10th Cir. 2011) ; *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

defectively designed, as a safer alternate design was feasible." Complaint ¶ 102. Plaintiffs claim that they suffered personal injuries as a result of these alleged breaches. Complaint ¶ 103.

21.  In *Badilla v. Wal-Mart Stores East Inc.*, 2015-NMSC-029, 357 P.3d 936, the New Mexico Supreme Court held that the four-year statute of limitations contained in the Uniform Commercial Code applies to personal injury claims predicated on breach of warranty. The Court further stated: "A breach of warranty occurs when tender of delivery is made. A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." *Id.* at ¶ 23 (internal citation omitted).

22. Here, Plaintiff Randy Bellman Jr. claims that he was injured by unspecified chemical exposure before his birth in 1991, and Plaintiffs Brett and Brittany Booth allege that they were injured *in utero* during 1988. Complaint ¶¶ 14-31. As a result, Rinchem could not have tendered the chemicals that allegedly caused Plaintiffs' injuries after 1988 (for Brett and Brittany Booth) or 1991 (for Randy Bellman Jr.), and Plaintiffs' breach of warranty claims are time-barred by the four-year statute of limitations contained in the Uniform Commercial Code. *Badilla*, at ¶¶ 23-25. This is true regardless of whether Plaintiffs were aware of any alleged breach by Rinchem at the time. *Id.* There is consequently no possibility that Plaintiffs may recover on their breach of warranty claims against Rinchem in state court.

**B.    New Mexico law precludes Plaintiffs' negligence claim against Rinchem.**

23. Plaintiffs allege that on information and belief, without providing the basis for their so-called information or belief, Rinchem "supplied, transported, formulated, re-formulated, mixed, sold and/or distributed" some of the chemicals that allegedly caused their injuries.[4] Complaint ¶¶

---

[4] Although pleading facts based upon "information and belief" is permissible when the facts are peculiarly within the possession and control of the defendant or when the belief is based on factual information that makes the inference of culpability plausible, such allegations are not permissible if there is "simply no *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Dorf v.*

22-23. The Complaint further claims that Rinchem breached a duty to "exercise reasonable care in the manufacture, blending, design, marketing, distribution, sale and supply" of the chemicals as well as a duty to warn "purchasers, users and persons who might reasonably be expected to be exposed to said products of the dangers and hazards posed by such exposure." Complaint ¶¶ 95-97. New Mexico law imposes no such duty on Rinchem because if Rinchem did supply any unspecified chemicals to Signetics, Signetics was a sophisticated purchaser and used the chemicals for its own purposes. In addition, Rinchem satisfied any purported duty to warn by providing Signetics with the safety information that was in its possession.

24. In *Parker v. DuPont de Nemours & Co., Inc.*, 1995-NMCA-086, 121 N.M. 120, 909 P.2d 1, the New Mexico Court of Appeals held that Du Pont did not have a duty to perform additional testing or warn consumers when it supplied bulk materials to another company, Vitek, for use in a medical implant. DuPont had warned Vitek regarding its use of the materials but took no action to warn the ultimate consumers. Evidence submitted by DuPont established that Vitek was a sophisticated purchaser who was aware of the nature and properties of the raw materials. In this situation, the court concluded: "Any duty to warn Plaintiffs of a potential problem with the materials supplied by DuPont was owed by Vitek, not DuPont." *Id.* at ¶ 32.

25. The *Parker* court relied on Section 388 of the Restatement 2nd of Torts in holding that the plaintiffs could not recover from DuPont on their negligence claim. That section provides:

> The supplier's duty is to exercise reasonable care to inform those for whose use the article is supplied of dangers which are peculiarly within his knowledge. If he has done so, he is not subject to liability, even though the information never reaches those for whose use the chattel is supplied.

---

*City of Evansville*, 2012 WL 1440343, 4 n.2 (D. Wyo. April 22, 2012) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d. Cir. 2010) and *Iqbal*, 556 U.S. 678) (internal quotations and emphasis omitted).

*Parker* at ¶ 35 (citing Restatement 2nd of Torts, Section 388 cmt. l). Accordingly, when a supplier provides materials to a sophisticated purchaser along with the safety information that is in its possession, no further duty to warn exists.

26. Other courts have similarly held that a supplier of materials to a sophisticated purchaser does not have a duty to warn ultimate consumers regarding associated risks. In *Akin v. Ashland Chemical Co.*, 156 F.3d 1030 (10th Cir. 1998), the court held that chemical manufacturers had no duty to warn United States Air Force employees regarding the risks of exposure when the Air Force was a sophisticated purchaser that should have been aware of the danger. The court stated that the "sophisticated purchaser defense" is based on principals set forth in the Restatement 2nd of Torts which absolve suppliers of the "duty to warn purchasers who are already aware or should be aware of the potential dangers." *Id.* at 1037. The court recognized that "a duty to warn arises only when there is unequal knowledge with respect to the risk of the harm." *Id.; see also Davis v. Avondale Indus.*, 975 F.2d 169, 171-173 (5th Cir. 1992) (manufacturer has no duty to warn when the user or handler of the product already knows or reasonably should know the characteristics of the product that may cause damage).

27. Defendants here do not concede that Rinchem was a supplier of any chattels to the Signetics Defendants. But even if Rinchem was such a supplier, it had no duty to warn the Plaintiffs regarding risks associated with the chemicals it delivered to the Signetics plant. First, given that Plaintiffs generically allege that the Signetics Defendants had knowledge of the risks, there is no basis for liability as to Rinchem under New Mexico law. *See* Complaint ¶ 34-36. Second, as discussed in the Affidavit of William Moore, attached as Exhibit B, Rinchem did not manufacture, blend, design or market to Signetics any of the chemicals or types of chemicals listed in the Plaintiffs' Complaint and did not sell or supply radio frequency radiation or ionizing radiation, or

8

equipment producing such radiation, to anyone. *See* Exh. B at ¶¶ 4-6. Rinchem possibly may have delivered to Signetics, but did not sell, some of the types of chemicals listed in the Complaint. *Id.* at ¶¶ 7-9. Rinchem may have sold, but has no record of selling, the following chemicals to Signetics at unspecified times, but only in in a lower purity/industrial grade and never a high-purity/semiconductor grade for use in the manufacture of semiconductors: ethylene glycol ethers, xylene, N butyl acetate, trichloroethane, methylne chloride, freon 113, benzene, toluene, acetone, methyl ethyl ketone, methanol, acetone, and IPA. *Id.* at ¶¶ 11-12. This theoretical possibility, however, is not sufficient to prevent removal. *See Great Plains Trust Co.*, 313 F.3d at 312; *Badon*, 236 F.2d at 286 n.4.

28. Further, Rinchem would have supplied Signetics with Material Safety Data Sheets ("MSDS") sheets given to Rinchem by the manufacturers for any chemicals it may have delivered to Signetics. *See* Exh. B at ¶ 13. Those sheets contained safety information and warnings, if any, regarding the chemicals.

29. To the extent Rinchem delivered chemicals to Signetics at any point in time, and Rinchem is unable to confirm that it did in fact deliver any such chemicals, Signetics was a regular consumer of the chemicals, was in possession of the MSDS sheets, and used the chemicals for its own purposes. *Id.* at ¶¶ 12- 13. Consequently, Signetics was familiar with the nature and properties of the chemicals based on its own uses and was a sophisticated user of the chemicals. Plaintiffs generically allege as much in the Complaint. *See* Complaint ¶ 34-36.

30. Under *Parker* and the case law discussed above, as well as principles established by the Restatement 2nd of Torts, Rinchem had no duty to warn the Plaintiffs regarding risks associated with use of any chemicals it may have delivered to the Signetics plant at any point in time. Rinchem did not manufacture or blend any of the chemicals and provided Signetics with the MSDS sheets

prepared by the chemical manufacturers. There is no allegation that Rinchem's knowledge of exposure risk was greater than that of Signetics, and Rinchem satisfied any duty to warn by providing Signetics with the safety information in its possession. *See, e.g., Parker* at ¶¶ 32-35; *Akin,* 156 F.3d at 1037; Restatement 2nd of Torts § 388, cmt. l. Because Rinchem had no further duty, Plaintiffs cannot recover from Rinchem on their negligence claim as a matter of law.

## PLAINTIFFS' CLAIMS AGAINST THE SIGNETICS DEFENDANTS SATISFY THE AMOUNT IN CONTROVERSY REQUIREMENT

31.   The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. The amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[I]n the absence of an explicit demand for more than $75,000, . . . the defendant may rely on an estimate of the potential damages from the allegations in the complaint." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id.*

32.   Here, a fair reading of the Complaint demonstrates that the amount in controversy exceeds the jurisdictional minimum. The Complaint alleges that as a result of *in utero* chemical exposure, Plaintiff Brett Booth suffered injuries including: congenital heart defects, transportation of the great arteries, single ventricle, cirrhosis of the liver, numerous heart surgeries, a heart transplant, pain and suffering, mental and emotional anguish, loss of normal life, lost income, medical expenses, and other injuries and damages. Complaint ¶ 78.  Plaintiff Brittany Booth's alleged injuries include pain and suffering, mental and emotional anguish, loss of normal life, lost income, medical expenses, and other injuries and damages. Complaint ¶ 80. The Complaint alleges that chemical exposure caused Plaintiff Randy Bellman Jr. to develop pheochromocytoma, Von Hippel-Lindeau disease, adrenal tumors, resection of the adrenal glands, tumors, internal injuries,

pain and suffering, mental and emotional anguish, loss of enjoyment of life, lost income, medical expenses, and other injuries and damages. Complaint ¶ 76. Plaintiffs Jacqueline Bellman, Randy Bellman, Vicki Goss, and Anthony Booth assert claims for loss of consortium. Complaint ¶¶ 120-123. Plaintiffs also seek to recover punitive damages from the Signetics Defendants. Complaint ¶¶ 82-93.

33.  Plaintiffs' allegations of injury are at least as significant as others that have been found to satisfy the amount in controversy requirement. For example, in *Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 881-883 (5th Cir. 2000), the court found in a slip and fall case that alleged damages for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" satisfied the jurisdictional amount. *See also Luckett v. Delta Airlines, Inc.* 171 F.3d 295, 298 (5th Cir. 1999) (finding that alleged damages to property, travel expenses, emergency ambulance trip, 6-day hospitalization, pain and suffering, humiliation, and an inability to do housework satisfied the jurisdictional amount). It is also well-established that punitive damages and loss of consortium are included in determining the amount in controversy. *McPhail*, 529 F.2d at 957 (jurisdictional amount met based on allegations that alleged defective design led to severe bodily injuries, permanent and progressive injury, and wrongful death, and plaintiffs sought recovery for loss of consortium and an award of punitive damages). Thus, Plaintiffs' allegations satisfy the jurisdictional amount-in-controversy requirement of 28 U.S.C. § 1332(a).

34.  Because the diversity of citizenship and amount-in-controversy requirements have been satisfied, this case is removable by the Signetics Defendants.

11

Wherefore, notice is given that this action is removed from the State of New Mexico, County of Santa Fe, First Judicial District to the United States District Court for the District of New Mexico.

Respectfully submitted,

HINKLE SHANOR L.L.P.

William P. Slattery
Dana S. Hardy
P. O. Box 2068
Santa Fe, NM  87504
(505) 982-4554 telephone
(505) 982-8623 facsimile
wslattery@hinklelawfirm.com
dhardy@hinklelawfirm.com

and

MAYER BROWN LLP
Daniel L. Ring (*pro hac vice* to be filed)
71 S. Wacker Drive
Chicago, IL 60606
(312) 701-8520 telephone
(312) 706-8675 facsimile
dring@mayerbrown.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was sent to the following counsel by electronic mail and first class mail, postage prepaid, on this 16th day of February, 2016.

David J. Jaramillo
Maria E. Touchet
Jaramillo Touchet LLC
505 Roma Ave. NW
Albuquerque, NM 87102
(505) 200-9454
david@JTLawyers.com
mia@JTLawyers.com

David C. Strouss
Christian F. Uehlein
Thornton Law Firm LLP
100 Summer St. 30th Floor
Boston MA 02110
(617) 720-1333
dstrouss@tenlaw.com
cuehlein@tenlaw.com

Steven J. Phillips
Diane Paolicelli
Phillips & Paolicelli LLP
747 Third Ave., 6th Floor
New York, NY 10017
(212) 388-5100
sphillips@p2law.com
dpaolicelli@p2law.com

David Bricker
Susan Ulrich
Waters Kraus & Paul
222 N. Sepulveda Blvd., Suite 1900
El Segundo, CA 90245
(310) 414-8146
dbricker@waterskraus.com
sulrich@waterskraus. Com

Attorneys for Plaintiffs

Susan Miller Bisong
Modrall Sperling
P.O. Box 2168
Albuquerque, NM 87103-2168
(505) 848-1800
sxb@modrall.com
Attorneys for Rinchem Company, Inc.

_____
Dana S. Hardy